Filed 7/10/23  In re J.D. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.D., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. C.P., Defendant and Appellant. | G062034 (Super. Ct. No. 19DP0001) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert Gerard, Judge.  Motion to Dismiss Appeal.  Granted.

C.P., in pro. per, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

\*          \*          \*

C. P. is the maternal grandmother of J.D., who is the subject of these dependency proceedings. C.P. appeals from an order denying her request to change court order under Welfare and Institutions Code section 388 (section 388) by which she sought an order stopping an adoption hearing, resuming reunification services, recognizing her relationship to J.D., and permitting her to visit J.D.

The Orange County Social Services Agency (SSA) filed a motion to dismiss the appeal on the ground it became moot upon the finalization of J.D.'s adoption and termination of dependency jurisdiction. We invited C.P. to file opposition to the motion. She did not file opposition. We grant the motion and dismiss the appeal as moot.

An appeal may become moot when subsequent events, including orders by the juvenile court, make it impossible for the reviewing court to grant effective relief. (*In re Albert G.* (2003) 113 Cal.App.4th 132, 134-135.) "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) More specifically, the adoption of a dependent child and termination of dependency jurisdiction render moot an appeal from an order denying a section 388 petition requesting the juvenile court to return a child to a former caretaker's custody. (*In re Albert G.,* at pp. 134-135.) In *Albert G.*, the Court of Appeal held the completion of the dependent child's adoption rendered moot the maternal aunt's appeal from denial of a section 388 petition seeking return of the child to the aunt's custody. The child's "adoption meant the trial court could not grant the change appellant sought in her petition, and also means there is no remedy we could grant on appeal." (*In re Albert G.,* at p. 135.)

On November 21, 2022, three days after denying C.P.'s request to change court order, the juvenile court issued an order finding "the permanent plan of adoption has been achieved" and terminating dependency jurisdiction.[1] (Welf. & Inst. Code, § 366.3, subd. (a)(2).) This order has rendered C.P.'s appeal moot.

J.D.'s adoption and the termination of dependency jurisdiction mean the juvenile court would not be able to grant the relief C.P. sought in her request and, consequently, there is no appellate remedy we can offer her. The juvenile court would not be able to grant C.P. her requested relief of stopping the adoption proceedings because the adoption hearing has been conducted and the adoption of J.D. is completed. The juvenile court would not be able to grant C.P.'s request for resumption of reunification services because, assuming C.P. was ever eligible for reunification services, reunification is no longer possible. Adoption of J.D. and termination of dependency jurisdiction mean that neither we nor the juvenile court would be able to grant C.P. visitation rights. "In dependency proceedings, an order terminating parental rights is not only conclusive and binding upon the birth parents, but also effectuates a complete and final legal termination of the parental relationship. [Citations.] The parent-child relationship enjoys no legal recognition after termination of parental rights." (*In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1391.)

---

[1] We have granted SSA's motion to take judicial notice of the juvenile court's minute order entered on November 21, 2022. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) C.P. did not appeal from an order terminating dependency jurisdiction; her notice of appeal identifies only the order denying her request to change court order.

Finally, no relief can be granted on C.P.'s request that the juvenile court recognize her relationship with J.D. because she sought such recognition by means of stopping the adoption proceedings and resuming reunification services and visitation.

The appeal is dismissed.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOTOIKE, J.

4